# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 22, 2025

Lyle W. Cayce
Clerk

———————

No. 24-30659
Summary Calendar

———————

IN RE IN THE MATTER OF THE COMPLAINT OF LA CARRIERS, L.L.C., AS OWNER AND OPERATOR OF THE M/V KAREN KOBY FOR EXONERATION FROM OR LIMITATION OF LIABILITY


RIGID CONSTRUCTORS, L.L.C.,

*Claimant—Appellant*,

*versus*

LA CARRIERS, L.L.C., AS OWNER AND OPERATOR OF THE M/V KAREN KOBY FOR EXONERATION FROM OR LIMITATION OF LIABILITY

*Petitioner—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:22-CV-4987

———————————————————————

Before DENNIS, HAYNES, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-30659

Claimant-Appellant Rigid Constructors, L.L.C., appeals the district court's exoneration of Petitioner-Appellee La Carriers, L.L.C., from liability on all claims brought by Rigid in relation to the June 2022 capsizing and sinking of the barge, D/B AMBITION, while under tow by La Carriers's tugboat, the M/V KAREN KOBY. For the reasons that follow, we AFFIRM.

I

In 2020, Rigid constructed the AMBITION by welding together two smaller twenty-five-year-old barges and mounting a crane on their combined deck. Rigid did not report its conversion of the two barges into the newly built AMBITION to the United States Coast Guard, and Rigid did not obtain a certificate of documentation reflecting that the two barges had been converted.

Shortly after the AMBITION's construction, Rigid welded a metal box over a twenty-five-foot corroded area on the barge's hull. Roughly sixteen months later, in March 2022, Rigid welded another metal box over a split in the port bow section of the barge after the AMBITION hit a rock jetty. Rigid performed these temporary repairs to try to prevent the ingress of water into the damaged portions of the barge's hull.

In June 2022, Rigid hired La Carriers to tow the AMBITION from the Intracoastal Canal near Cameron, Louisiana, to the Mississippi River near Myrtle Grove, Louisiana. La Carriers had previously towed the AMBITION without incident. The parties determined that, due to the height of the AMBITION's crane, the barge would have to be towed offshore between the Calcasieu River jetties and the entrance of the Mississippi River. La Carriers assigned the towing job to the tugboat, KAREN KOBY, and its Captain, Chester Murphy. As an uninspected, non-load-line certificated barge, the AMBITION was restricted to transiting

No. 24-30659

within twelve nautical miles from the coast. Captain Murphy knew AMBITION did not have a load line certificate or exemption, but mistakenly believed the territorial limitation was twenty-five miles offshore.

Following the course planned by Captain Murphy, the KAREN KOBY towed the AMBITION beyond its twelve-mile restricted territorial limit offshore. The voyage was initially uneventful and occurred under mild offshore sea conditions. But at approximately 3:30 a.m., the relief captain observed that the AMBITION began listing despite calm seas. The AMBITION capsized to port half an hour later, becoming partially submerged in the water roughly eighteen nautical miles from the Louisiana coast. The AMBITION was damaged by the sea conditions in the Gulf and was rendered a total loss.

La Carriers filed a petition in the Eastern District of Louisiana seeking exoneration and limitation of liability for the sinking of the AMBITION under 46 U.S.C. § 30511. Rigid filed claims in response, asserting negligence in the route selected, watch-keeping, and alleged contact with a navigational marker. After a seven-day bench trial, the district court issued findings of fact and conclusions of law. It found that undisclosed damage and corrosion to the AMBITION's hull and bulkheads compromised the vessel's structural integrity before the towing, and that Rigid knew about this damage. The court determined that Rigid breached its warranty of seaworthiness, and that the unseaworthiness of the AMBITION was the sole and proximate cause of its loss. Accordingly, the court concluded that La Carriers was not liable for any losses, damages, injuries, or claims arising from the voyage. Rigid timely appealed.

II

On appeal from a bench trial, findings of fact are reviewed for clear error and questions of law are reviewed de novo. *One Beacon Ins. Co. v.*

No. 24-30659

*Crowley Marine Servs. Inc.*, 648 F.3d 258, 262 (5th Cir. 2011). Determinations of negligence, allocation of fault, and calculation of damages are findings of fact reviewed for clear error. *Luwisch. v. Am. Marine Corp.*, 956 F.3d 320, 326 (5th Cir. 2020). When "a case turns on credibility assessments," we afford "greater deference to the trial court's findings." *Burma Navigation Corp. v. Reliant Seahorse MV*, 99 F.3d 652, 657 (5th Cir. 1996) (quoting *Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 575 (1985)); *see also Hal Antillen N.V. v. Mount Ymitos MS*, 147 F.3d 447 (5th Cir. 1998) ("Where the court's finding is based on its decision to credit the testimony of one witness over that of another, that finding, if not internally inconsistent, can virtually never be clear error." (citation omitted)).

## III

Rigid challenges the district court's factual findings.[1] Specifically, Rigid argues that the district court clearly erred in finding that (1) the KAREN KOBY was seaworthy and had a competent crew; (2) the AMBITION sank due to corrosion to its hull and preexisting defects; and (3) the voyage outside the twelve mile offshore limit and an allision with a navigational pole or channel marker did not contribute to the loss of the AMBITION.

In a contract for towage, "[t]he owner of the barge is responsible for the seaworthiness of his vessel." *Consol. Grain & Barge Co. v. Marcona Conveyor Corp.*, 716 F.2d 1077, 1081 (5th Cir. 1983). A tug "is obligated to

---

[1] Rigid additionally contends that the court misapplied substantive admiralty law by improperly allocating the burdens of proof and presumptions of liability. But because the court determined that the unseaworthiness of the AMBITION was the sole and proximate cause of its loss as a matter of fact, these arguments are immaterial to the court's conclusion that La Carriers was not liable for the sinking of the barge. *See Clark-Dietz & Assocs.-Eng'rs, Inc. v. Basic Const. Co.*, 702 F.2d 67, 69 (5th Cir. 1983) ("Even those questions that are legal may be foreclosed by the fact findings of the district court.").

provide reasonable care and skill 'as prudent navigators employ for the performance of similar service,'" but it is "neither a bailee nor insurer of the tow." *King Fisher Marine Serv., Inc. v. NP Sunbonnet*, 724 F.2d 1181, 1184 (5th Cir. 1984) (quoting *Stevens v. The White City*, 285 U.S. 195, 202 (1932)). Although the tow "warrants the seaworthiness of the vessel," the tug "cannot disclaim responsibility for the loss" if "the alleged unseaworthiness is so apparent that it would be negligent for the tow to attempt to proceed." *Id.* at 1183–84. Nevertheless, the tug is "under no duty to make a detailed examination" of its tow. *Nat G. Harrison Overseas Corp. v. Am. Tug Titan*, 516 F.2d 89, 94 (5th Cir. 1975).

There was no clear error in the district court's determination that the AMBITION's structural defects made it unseaworthy and that its unseaworthiness was the sole cause of its sinking and total loss. The district court credited Robert Bartlett, La Carriers's metallurgical expert, in his assessment that the AMBITION had suffered severe corrosion wastage due to poor maintenance, and that this corrosion allowed the ingress of water throughout its bulkheads, ultimately causing the vessel to capsize. It found that these latent defects to the AMBITION's hull were not visible or apparent during a reasonable inspection of the barge. The court did not credit Rigid's expert's testimony that pounding by the rough seas caused substantial damage to the AMBITION's hull, nor did it credit Rigid's uncorroborated alternative theory that the AMBITION capsized because it struck a navigational pole or channel marker.

Because Rigid fails to show clear error in the court's findings, we AFFIRM the district court's exoneration of La Carriers from liability for the June 2022 capsizing and sinking of the AMBITION.